IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PEDRO NATIVIDAD YBARRA, III, #A0189542, | Civ. No. 20-00167 LEK-WRP |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)(1) |
| v. | |
| CAROLINE MEE, et al., | |
| Defendants. | |

**ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)(1)**

Before the Court is pro se Plaintiff Pedro Natividad Ybarra, III's Second

Amended Complaint ("SAC").  ECF No. 11.[1]  Ybarra alleges that Defendants, state

prison officials,[2] violated his civil rights under the Eighth Amendment by denying

him adequate medical care between 2014 and 2016, and again between 2019 and

2020, and the Fourteenth Amendment by denying grievances regarding this alleged

---

[1] Numbering and pagination used for filed documents by the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF").

[2] Ybarra names in their individual and official capacities Hawaii Department of Public Safety Corrections Health Administrator Dr. Caroline Mee and Director Nolan Espinda; Halawa Correctional Facility ("HCF") Warden Scott Harrington, Administrators Marieta Momi`i, Tina Agaran, Gavin Takenaka, and Wesley Munn; HCF medical staff Dr. Deane Hatakeyama, Dr. Sisar Paderes, Dr. Miriam Chang, Dr. Barney Toyama, Dr. John Frauens, Nurse Debra Karraker, and Nurse Practitioner Courtney Tanigawa.

denial of adequate medical care.  For the following reasons, the SAC and this action are DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), for Ybarra's repeated failure to state a colorable claim upon which relief may be granted.

## I. **STATUTORY SCREENING**

The court is required to screen all prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 42 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[3]

Ybarra sent his original Complaint for filing on April 14, 2020, alleging two separate sets of claims.  *See* Compl., ECF No. 1 at PageID # 11-24.  The first set detailed incidents that allegedly took place at the HCF beginning in 2019, *see id.* at PageID # 11-17; and the second set related to incidents that allegedly occurred between 2014 and 2016, during Ybarra's previous incarceration at the HCF, *see id.* at PageID # 18-24.

Upon entering the HCF in 2019, Ybarra informed the HCF's medical staff about severe pain in his neck and lower back that allegedly resulted from an assault by another inmate in 2013.  *See Id.* at PageID # 11-15.  Dr. Hatakeyama examined Ybarra three times in 2019, and prescribed pain medication.  Although Ybarra was scheduled for two MRI scans, he refused to participate in either because of his claustrophobia.  Ybarra then filed grievances regarding his medical care.

Regarding the earlier set of claims, Ybarra alleged that he was transferred to the HCF in 2014, where his neck and back pain was treated by four doctors, including an orthopedic doctor, and a nurse practitioner.  *Id.* at PageID # 18-24. These medical professionals examined him, noted that he had no broken bones, and reviewed his prescribed medication.  Although Ybarra acknowledged that he

---

[3] Plaintiff's factual allegations are accepted as true.  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

had one surgery during this period, he alleged that he required additional surgeries. Ybarra complained about the alleged lack of medical care and filed grievances.  He was paroled in April 2016.

On May 22, 2020, the Court dismissed Ybarra's original Complaint for his failure to state a colorable claim for relief against any Defendant, with leave granted to amend.  *See* Order, ECF No. 7.  The Court gave Ybarra directions regarding the deficiencies in his claims and provided the relevant legal standard for evaluating the timeliness of Ybarra's claims based on events that allegedly occurred between 2014 and 2016.

Ybarra filed his First Amendment Complaint ("FAC") on June 17, 2020. FAC, ECF No. 8.  In the FAC, Ybarra attempted the same two sets of claims.  *Id.* at PageID # 86-99.  The Court dismissed the FAC on August 10, 2020.  *See* Order, ECF No. 10.  The Court dismissed with prejudice Ybarra's Eighth Amendment claims against Dr. Mee, Mun, HCF Warden Harrington, and former HCF Warden Espinda, and his due process claims against Momiʻi, Agaran, Takenaka, HCF Warden Harrington, and former HCF Warden Espinda.  All other claims were dismissed with leave granted to amend.  The Court again explained the deficiencies in Ybarra's claims, and additionally ordered him to show cause why his claims were not barred by the applicable two-year statute of limitations.

5

Ybarra filed the SAC on September 21, 2020.  SAC, ECF No. 11.  Although Ybarra relies on the same two sets of claims against the same Defendants, the SAC includes fewer details than either of his earlier pleadings.  In Counts I-VII,[4] Ybarra outlines the incidents that allegedly occurred at the HCF from 2019 until his release on parole on or about June 21, 2020.  *See Id.* at # 137-43; *see* Notice of Change of Address, ECF No. 9.  Counts VIII-XIV describe the incidents that allegedly occurred at the HCF between 2014 and 2016.  *See Id.* # 144-50.

Ybarra again acknowledges that Dr. Hatakeyama examined him at least times between 2019 and 2020.  *See* SAC, ECF No. 8 at PageID # 139 (Count III).  Ybarra claims, however, that Dr. Hatakeyama "failed to diagnose and treat" his injuries" or to request an updated MRI.[5]  *See Id.*  Ybarra alleges that Nurse Karraker ignored his request for sedation before any MRI, even though he is claustrophobic.  *Id.* at # 140 (Count IV).

Ybarra filed grievances regarding the alleged lack of medical care.  Defendants Momiʻi denied his first-step grievance, Agaran denied his second-step grievance, and Takenaka denied his third-step grievance.  *Id.* at # 141-43 (Counts

---

[4] Because Ybarra stopped numbering his claims after Count III, the Court consecutively numbers them from I-XIV.

[5] The SAC is inconsistent with the original Complaint in this regard.  In the original Complaint, Ybarra acknowledged that he was scheduled for an MRI on two occasions, but he refused to have them taken unless he was sedated, and Dr. Hatakeyama prescribed pain medication.  *See* Compl., ECF No. 1 at PageID # 13-14.

V-VII).  Ybarra alleges that HCF Warden Harrington is ultimately responsible for his pain and suffering because he is responsible for the grievance process.  *Id.* at # 138 (Count II).  Finally, Ybarra claims he wrote DPS Corrections Health Administrator Dr. Mee, to inform her that he was "not receiving any medical treatment," but she did not respond.  *Id.* at # 137 (Count I).

Ybarra again acknowledged that, when he transferred to the HCF in 2014, he was repeatedly treated for his back and neck pain by Drs. Paderes, Chang, Toyama, Frauens, and Nurse Practitioner Tanigawa.  *See id.* at # 146-50 (Counts X-XIV).  In 2015, Ybarra wrote former DPS Corrections Health Administrator Mun regarding his alleged lack of medical care.  *Id.* at # 144 (Count VIII).  Ybarra claims he filed grievances, but he says former HCF Warden Espinda ignored them.  *Id.* at # 145 (Count IX).

In response to the Court's order to show cause why his claims were not barred by the statute of limitations, Ybarra says that he has experienced a "continuing wrong" since 2014, and he was "incapacitated" beginning in 2016, because of an opioid addiction.

Ybarra seeks "lifetime maintenance and medical bills for 3 areas of injury," compensatory damages for "3 areas of injury," punitive damages against each Defendant, and expungement of his felony record.  *Id.* at # 151.  He also requests a jury trial.

# III. <u>DISCUSSION</u>

## A.    Legal Framework for Claims Under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## B.    Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation

omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).  Ybarra names all Defendants in both their individual and official capacities, but he does not seek any prospective, non-monetary relief.  Ybarra's claims against all Defendants in their official capacities are DISMISSED with prejudice.

**C.    Eighth Amendment claims**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted).

"Deliberate indifference is a high legal standard."  *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).  Inadvertent failures to provide adequate medical care, negligence, medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are insufficient to constitute an Eighth Amendment violation.  *Gamble*, 429 U.S. at 105-07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

### 1.      Dr. Hatakeyama and Karraker

Ybarra's severe pain required medical attention from numerous physicians and nurses, and therefore sufficiently states an objectively serious medical need.

*See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Ybarra fails to allege, however, sufficient facts demonstrating that Dr. Hatakeyama or Nurse Karraker acted with "deliberate indifference" to these medical needs.  *See Erickson v. Pardus*, 551 U.S. 89, 90 (2007).

Karraker allegedly ignored Ybarra's request for sedation before an MRI, despite Ybarra's claims that he is claustrophobic.  ECF No. 11 at PageID # 140. Ybarra does not allege that Karraker, as a nurse, had the independent authority to order such sedation, or that she purposely countermanded any instruction from Dr. Hatakeyama's for such sedation.  Nor does Ybarra state that an open MRI scanner was available and Karraker denied it.  This is insufficient to state a claim for deliberate indifference against Karraker.

Dr. Hatakeyama allegedly failed to diagnose and treat Ybarra's injuries or request updated MRI scans.  Ybarra concedes, however, that Dr. Hatakeyama examined him at least three times.  SAC, ECF No. 11 at PageID # 139; *see also* FAC, ECF No. 8 at PageID # 88.  In his previous pleadings, Ybarra also acknowledged that Dr. Hatekayama obtained medical records from the Queen's Medical Center and Ybarra's personal neurosurgeon, ordered MRI scans, and prescribed pain medication.  FAC, ECF No. 8 at PageID # 88-89; *see also* Compl., ECF. No. 1 at PageID # 13-14.  Although Ybarra clearly disagrees with

11

Dr. Hatekayama's medical decisions, this represents a difference of opinion between Ybarra and Dr. Hatakeyama, which is not actionable under the Eighth Amendment.  *See Carr v. Giron*, 752 F. App'x 434, 435-36 (9th Cir. 2018) ("A difference of opinion between a prisoner and medical personnel on treatment is insufficient [to plead an Eighth Amendment violation].").  Ybarra fails to state facts that Dr. Hatakeyama acted with deliberate indifference to his serious medical needs.

Ybarra's Eighth Amendment claims against Dr. Hatakeyama and Karraker in Counts III and IV, fail to state a claim and are DISMISSED with prejudice.

### 2.    Drs. Paderes, Chang, Toyama, Frauens, and NP Tanigawa

Ybarra alleges that Drs. Paderes, Chang, Toyama, Frauens, and Nurse Practitioner Tanigawa failed to provide him adequate medical care for his back and neck pain between 2014 and 2016.

### a.    Ybarra fails to show why the statute of limitations does not bar his claims

Because 42 U.S.C. § 1983 does not contain its own statute of limitations, the court applies Hawaii's two-year statute of limitations for personal injury actions to Ybarra's claims.  *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (holding federal courts apply the forum state's statute of limitations and state laws for personal injury actions and tolling, to the extent they are consistent with federal law); *see also Pele Defense Fund v. Paty*, 73 Haw 578,

597-98 (1992) (discussing Hawaii Revised Statutes § 657-7, Hawaii's two-year "general personal injury" provision).

While state law determines the statute of limitations for 42 U.S.C. § 1983 claims, "'federal law determines when a civil rights claim accrues.'" *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (quoting *Morales v. City of L.A.*, 214 F.3d 1151, 1153-54 (9th Cir. 2000)).  Under federal law, "a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009).  Ybarra's claims that allegedly occurred *before* he was released from HCF in 2016, accrued in or about 2015, when he began grieving the alleged denial of medical care.

Although HRS § 657-13 tolls the limitations period for prisoners who are incarcerated for a term less than life, Ybarra was released from the HCF between April 2016 and April 2019, thus, it does not operate to toll his 2014-2016 claims.[6] Moreover, the statute does not toll suits against prison officials, as named here.

---

[6] Section 657-13 states:

> If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, either:
>
> (1) Within the age of eighteen years;
>
> (2) Insane; or
>
> (3) Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life;

A court may equitably toll the statute of limitation "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Equitable tolling is generally appropriate in 42 U.S.C. § 1983 cases where there is "timely notice, [lack] of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Donoghue v. Orange Cty.*, 848 F.2d 926, 931 (9th Cir. 1987) (citing *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983)). In Hawaii, equitable tolling can toll a statute of limitations if the plaintiff demonstrates "(1) that he . . . has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way." *Office of Hawaiian Affairs v. State*, 133 P.3d 767, 789, 110 Haw. 338, 360 (2006) (citations and internal quotation marks omitted). Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations. *Id.*

In dismissing FAC, the Court ordered Ybarra to show cause why he might be entitled to equitable tolling and why his claims are not barred by the statute of limitations. *See* Order, ECF No. 10 at PageID # 121-24. Ybarra claims that the

---

such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

HRS § 657-13 (West).

two-year statute of limitations does not apply to his claims arising between 2014 and 2016, because he is experiencing a "continuing wrong." SAC, ECF No. 11 at PageID # 140. He is mistaken. "[T]he statue of limitations runs separately from each discrete act," and "discrete . . . acts are not actionable if time bared, even when they are related to acts alleged in timely filed charges." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002). Ybarra "cannot establish liability for events occurring prior to the limitations period on a continuing violation theory." *Id.*

Moreover, Ybarra has not demonstrated both that he pursued his rights diligently and an extraordinary circumstance stood in his way. Although Ybarra claims he was "incapacitated from 2016 to present day" because of an opioid addiction, he fails to say how this prevented him from pursuing his claims sooner. Ybarra's claims against Drs. Paderes, Chang, Toyama, Frauens, and Nurse Practitioner Tanigawa based on conduct allegedly occurring between 2014 and 2016 are barred by the statute of limitations.

### b. Ybarra fails to state a claim

In any event, Ybarra fails to allege facts that plausibly suggest that Drs. Paderes, Chang, Toyama, Frauens, and Nurse Practitioner Tanigawa were deliberately indifferent to his injuries. Rather, as Ybarra acknowledged in his prior pleadings, four physicians, including an orthopedic surgeon, and a nurse

practitioner regularly examined him, prescribed him pain medication, took x-rays, and approved at least one surgery.  *See* FAC, ECF No. 8 PageID # 95-99.  These facts do not show that these Defendants were deliberately indifferent to Ybarra's medical needs.  Instead, it appears that Ybarra merely disagrees with the medical decisions of these professionals regarding the best course of treatment.  This is not actionable under the Eighth Amendment.  *See Carr*, 752 F. App'x at 435-36.

Ybarra fails to state a colorable Eighth Amendment claim against Drs. Paderes, Chang, Toyama, Frauens, and Nurse Practitioner Tanigawa and these claims are DISMISSED with prejudice.

### 3. Supervisory Liability: DPS Health Administrators Dr. Mee and Mun, and HCF Wardens Harrington and Espinda

"Vicarious liability is inapplicable to . . . § 1983 suits, [and] a plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution," to plead a plausible claim for relief.  *Iqbal*, 556 U.S. at 676; *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (holding supervisor is liable under 42 U.S.C. § 1983 only on a showing of personal involvement in the constitutional deprivation or "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).

"Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Iqbal*, 556 U.S. at 677.  That is, supervisory officials

"cannot be held liable unless they themselves" violate a constitutional right. *Id.* at 683.

Supervisors "can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others." *Edgerly v. City & Cty. of S.F.*, 599 F.3d 946, 961-62 (9th Cir. 2010) (citing *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)).  A plaintiff can state a claim by showing that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991); *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

Although Ybarra wrote DPS Health Administrators Dr. Mee and Mun about the alleged denial of surgery or other medical care, he does not explain what role they played in Drs. Hatakeyama, Paderes, Chang, Toyama, Frauens, Nurse Practitioner Tanigawa's and Nurse Karraker's decisions regarding Ybarra's medical care, need for general sedation during an MRI, or need for surgery.  He does not allege that they failed to train these medical providers or instituted an

17

unconstitutional policy that prevented them from providing Ybarra medical care. "[A] defendant may not be held liable under § 1983 merely because [they] had certain job responsibilities." *Hernandez v. Aranas*, 2020 WL 569347, at *4 (D. Nev. Feb. 4, 2020) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

Ybarra alleges that Warden Harrington "is responsible for . . . systematic lapses in the screening of inmate grievance[s]." SAC, ECF No. 11 at PageID # 138. He suggests the same claim against former HCF Warden Espinda. *Id.* at # 145. An individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). Ybarra points to no policy or procedure that Harrington or Espinda implemented that unconstitutionally denied him medical care.

Ybarra fails to allege sufficient facts showing that Dr. Mee, Mun, Harrington, or Espinda are personally liable for his claims. *See Iqbal*, 556 U.S. at 676-77; *Jones v. Comty. Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" to state claim). As such, Ybarra's supervisor liability claims against Dr. Mee, Mun, Harrington, and Espinda are again DISMISSED with prejudice.

D.    **Due Process: Grievances**

Ybarra alleges again that Defendants Momiʻi, Agaran, and Takenaka

violated his rights to due process when they denied his grievances and appeals in

2019 regarding the alleged denial of surgery, and alleges that Wardens Harrington

and Espinda failed to properly monitor the HCF grievance process.

To the extent that Ybarra alleges that Harrington or Espinda failed to prevent

or investigate allegedly systematic problems with HCF's grievance procedures or

policies, he has no constitutional right to a prison grievance system. *See Ramirez*

*v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640

(9th Cir. 1988).  And alleged violations of a state procedure do not give rise to

§ 1983 claims.  *Silva v. Gregoire*, No. C05-5731 RJB/KLS, 2007 WL 1814073, at

*6 (W.D. Wash. 2007).

Moreover, simply "[r]uling against a prisoner on an administrative

complaint does not cause or contribute to the violation."  *George v. Smith*, 507

F.3d 605, 609-10 (7th Cir. 2007) ("A guard who stands and watches while another

guard beats a prisoner violates the Constitution; a guard who rejects an

administrative complaint about a completed act of misconduct does not."); *see also*

*Ramirez*, 334 F.3d at 860 (holding improper processing of a prisoner's grievances

or appeals is insufficient for 42 U.S.C. § 1983 liability); *Shallowhorn v. Molina*,

572 F. App'x 545, 547 (9th Cir. 2014) (affirming dismissal of claims against

defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860).

Ybarra's due process claims against Momi'i, Agaran, Takenaka, Harrington, and Espinda are again DISMISSED with prejudice.

### IV.  <u>28 U.S.C. § 1915(g)</u>

Ybarra is notified that this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Section 1915(g) bars a prisoner from proceeding in forma pauperis in a civil action:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. **CONCLUSION**

The Second Amended Complaint is DISMISSED pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b)(1) for Ybarra's failure to state a colorable claim for

relief. Because Ybarra has had three opportunities to state a colorable claim for

relief and is unable to do so, this dismissal is with prejudice and may later

constitute a strike under 28 U.S.C. § 1915(g). The Clerk is DIRECTED to enter

judgment and terminate this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, October 15, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PEDRO NATIVIDAD YBARRA, III VS. CAROLINE MEE, ET AL; CV 20-00167 LEK-WRP; ORDER DISMISSING SECOND AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)(1)**